UNITED STATES of America,
Plaintiff-Appellee,

v.

Roy Marion JONES,
Defendant-Appellant.

No. 79–2276
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 28, 1979.

Marshall I. Yaker, El Paso, Tex., for defendant-appellant.

LeRoy M. Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before RONEY, HILL and KRAVITCH, Circuit Judges.

RONEY, Circuit Judge:

The district court required that cash bail be used for partial payment of a criminal fine, even though there was no violation of the defendant's bail terms. Defendant Roy M. Jones, convicted of illegally importing marijuana and counterfeiting a pilot's certificate, appeals. 21 U.S.C.A. § 960(a)(1), § 952(a); 18 U.S.C.A. § 2; 49 U.S.C.A. § 1472(b). We reverse.

Prior to indictment, Mrs. Roy M. Jones, wife of the defendant, posted a $10,000 cash bond for release of her husband from custody pending trial. Defendant Jones pled guilty, and the district court sentenced him to eight years imprisonment and fined him $15,000 for importing marijuana and three years imprisonment for counterfeiting a pilot's license.

Several days before sentencing, Mrs. Jones had made a written assignment of the cash bail to defendant's lawyer, who later applied for return of the bail money. The assistant United States Attorney signed the application to indicate his approval for the return of bail to the attorney. When defendant's counsel applied to the district court for return of bail, however, the Government filed a motion stating the purpose of defendant's bond had been served but the bail money should be used as partial payment of the outstanding $15,000 fine. Granting the Government's motion, the district court ordered the fine be paid from the bail.

Fed.R.Crim.P. 46(f) provides in part,

[w]hen the condition of the bond has been satisfied or the forfeiture thereof has been set aside or remitted, the court shall

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

exonerate the obligors and release any bail.

The Government concedes the conditions of the bond have been satisfied. The only purpose to be served in requiring a cash deposit is to make it available to satisfy a forfeiture in the event of a willful default of the principal. *See* Fed.R.Crim.P. 46(e).

> The purpose of bail is to secure the presence of the defendant, *Smith v. United States,* 357 F.2d 486 (5th Cir. 1966), and " 'like any other contract a bail bond should be construed to give effect to the reasonable intentions of the parties.' " *United States v. Miller,* 539 F.2d 445, 447 (5th Cir. 1976), citing *United States v. Gonware,* 415 F.2d 82 (9th Cir. 1969).

*United States v. Parr,* 594 F.2d 440, 442 (5th Cir. 1979).

The cash bond was posted by Mrs. Roy M. Jones, not the defendant, and there was nothing before the court to indicate that it was the defendant's money.

> Nothing in § 3146 or any other provision of the Bail Reform Act of 1966 requires that cash deposited under § 3146(a)(3) be property of the party bonded, and we discern no basis in reality or in law for a presumption that it be his. *See* S.D. Tex.R. 22(E), *infra* note 16; *Neely v. United States,* S.D.Fla.1973, 357 F.Supp. 713; *cf. Heine v. United States,* 6 Cir. 1943, 135 F.2d 914; *United States v. Davis,* 2 Cir. 1943, 135 F.2d 1013, aff'g on the opinion below S.D.N.Y.1942, 47 F.Supp. 176; *but cf. United States v. Werner,* N.D.Okl.1931, 47 F.2d 351; *United States v. Widen,* N.D.Ill.1930, 38 F.2d 517; *cf. also Rudd v. United States,* 7 Cir. 1943, 138 F.2d 745. Upon the performance of the conditions of release, then, a third party supplying a § 3146(a)(3) deposit would ordinarily be entitled to the return of his deposit, in accordance with the explicit language of that provision. (footnote omitted).

*United States v. Bursey,* 515 F.2d 1228, 1235 (5th Cir. 1975). The only relevant cases cited by the Government in its brief held that assets deposited as bail by a third party cannot be applied in payment of a fine imposed upon the defendant but must be returned to the bondsman upon fulfillment of the obligations of the bail bond. *Heine v. United States,* 135 F.2d 914 (6th Cir. 1943); *United States v. Davis,* 47 F.Supp. 176 (S.D.N.Y.1942), *aff'd,* 135 F.2d 1013 (2d Cir. 1943).

The Court does not have before it a case in which the bail money was the property of the defendant. Even if it were, no case has been cited by the Government to justify the direct application of that money to the fine, by court order, without pursuing whatever remedies might be available to the Government as a creditor. The argument that "the United States, as a creditor, has the same right as other creditors to apply a debtor's money that is in its possession to extinguish debts due," citing *United States v. Munsey Trust Co.,* 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022 (1947), misses the point. The United States as creditor is not in possession of the debtor's money. The clerk of court holds the cash bail under the terms of a specific agreement. In this case, the court had nothing before it except a motion of the Government stating that the cash bond was "no longer necessary" and requesting, without allegation of any fact, that the clerk be ordered to pay the money over to the Treasurer of the United States.

■ Mrs. Jones executed an assignment to defendant's attorney. Local Court Rule 10 of the United States District Court for the Western District of Texas, W.D.Tex.R. 10, provides that an attorney cannot personally advance money in connection with bail, and that no cash deposited with the clerk for a bail bond shall be refunded to an attorney. The rule instructs the clerk to give a receipt to the person from whom the cash is received, which was done here, Mrs. Jones having received the receipt. The rule then provides that neither the receipt nor the claim for return is assignable, "unless the Court otherwise orders." The fact that Mrs. Jones attempted to assign the cash bail to the defendant's lawyer does not give the Government any interest in the money. Whether or not the assignment should be approved by the court and the money paid

to the attorney, or whether the cash should be returned "only to the depositor" as provided in the rule, absent court order, is a decision that must be made by the district court in the first instance. We, therefore, vacate the order denying the application of the attorney for the bail money as assignee, for reconsideration in light of this opinion. If the assignment is not recognized by the court, then the $10,000 bail deposit should be returned to the depositor, Mrs. Roy M. Jones.

The order of the district court ordering the bail money to be paid on the fine is reversed, and this case is remanded for further proceedings not inconsistent with this opinion.

REVERSED IN PART, VACATED IN PART, AND REMANDED.