**UNITED STATES of America**

v.

**Thomas Michael POWELL.**

**Crim. A. No. SA79CR82(4).**

United States District Court,
W. D. Texas,
San Antonio Division.

July 11, 1980.

---

**4.** The issue of whether Vaughn's statements and actions were voluntary were clearly before the jury.

Thomas P. Earls, Dallas, Tex., for defendant.

## AMENDED ORDER

SPEARS, District Judge.

On this day came on for consideration the motion of the Government for the payment of a fine imposed upon the defendant in the above styled and numbered cause from the funds deposited into the registry of this court as an appearance bond, along with the defendant's opposition thereto, as well as the defendant's application for return of cash bail, and the responses of the parties to the Court's order that the Government show cause in writing why the funds should not be returned in full to the defendant.

In the opinion of this Court, the recent case of *United States v. Jones*, 607 F.2d 687 (5th Cir. 1979), controls the issue involved herein. While it is true that in *Jones* the funds deposited were those of a party other than the defendant, the contractual nature of the bond agreement was clearly recognized, and the Court indicated that the situation would be the same even if the funds belonged to the defendant. In this connection, the Court said:

> The Court does not have before it a case in which the bail money was the property of the defendant. Even if it were, no case has been cited by the Government to justify the direct application of that money to the fine, by court order, without pursuing whatever remedies might be available to the Government as a creditor . . . The United States as creditor is not in possession of the debtor's money. The clerk of the court holds the cash bail under the terms of a specific agreement. *Id.* at 688.

As early as 1943, the courts noted a trend which recognized that the Government does not hold cash as a creditor, but rather as a fiduciary under the terms of a contract. *Rudd v. United States*, 138 F.2d 745, 747 (7th Cir. 1943). The purpose of bail is to secure the presence of the defendant, *Smith v. United States*, 357 F.2d 486 (5th Cir. 1966). It is a contract, and "like any other contract a bail bond should be con-

Jamie C. Boyd, U. S. Atty. by Archie Carl Pierce, Asst. U. S. Atty., San Antonio, Tex., for plaintiff.

strued to give effect to the reasonable intentions of the parties." *United States v. Miller*, 539 F.2d 445 (5th Cir. 1976). The funds in the instant case were deposited to secure the presence of the defendant. Having now appeared, the contract has been fulfilled, so the funds should be returned to the defendant pursuant to Rule 46(f) of the Federal Rules of Criminal Procedure which provides:

> When the condition of the bond has been satisfied . . ., the court shall exonerate the obligors and release any bail.

 However, rather than pursue this claim in like manner as judgments in civil cases, 18 U.S.C. § 3565, the Government insists that a Court may, in lieu of execution, "direct otherwise," and order the cash bail applied to the payment of the fine.[1] But this is what the district judge did in *Jones* and the Fifth Circuit reversed that action, holding that where there was no violation of defendant's bail terms, cash bail posted could not be used for partial payment of a criminal fine.

It is, therefore, ORDERED:

(1) Defendant's application for return of cash bail is hereby GRANTED; provided, however, the effective date of this order, with respect to the amount of the fine only, is stayed until July 15, 1980, to permit the Government to appeal if it so desires. In the event an appeal is taken prior to July 15, 1980, the effective date of the order, with respect to the amount of the fine only, shall be extended to the date of final judgment herein.

(2) The motion of the Government for the payment of the fine from funds deposited into the registry of the court as security for an appearance bond is hereby DENIED.

---

1. While the Court has some discretion in this area, it is not unlimited, as the government seems to suggest. Rule 69(a), F.R.Civ.P., states that

 > Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary and in aid of judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. .

 The judgment of the court, therefore, is to be enforced in proceedings in the same manner as any judgment would be enforced within the state of Texas at the time this remedy was sought. These procedures are specifically set forth in Rules 621 through 656 of the Texas Rules of Civil Procedure. The writ of execution is to be issued after the expiration of thirty days from the rendition of a final and valid judgment, or after the overruling of a motion for new trial. Upon issuance of the writ, there must be a levy, followed by a sale under the levy.

 Texas law recognizes that property in custodia legis (funds held in accordance with the law or subject to the control of the court, as are the funds in the present case) is not subject to levy and sale under execution. *First Southern Properties, Inc. v. Vallone*, 533 S.W.2d 339, 341 (Tex.1976); *Texas Trunk Ry. Co. v. Lewis*, 81 Tex. 1, 16 S.W. 647 (Tex.1891). However, the Texas courts also hold that when the reason for the rule fails, the rule fails. When the court enters a decree of distribution, or where nothing more remains for the custodian to do but make delivery of the property or payment of the money, the reason for the doctrine of in custodia legis is satisfied, and the property becomes subject to levy under Texas law. *Hardy v. Construction Systems, Inc.*, 556 S.W.2d 843 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd, n. r. e.); *Challenge Co. v. Sartin*, 260 S.W. 313 (Tex.Civ.App.—Dallas 1924, no writ). It appears, therefore, that there must be a writ of execution.