**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Carol AMEND and Allegheny Mutual**
**Casualty Company,**
**Defendants-Appellants.**

**No. 79–2238.**

United States Court of Appeals,
Fifth Circuit.

July 30, 1980.

Ray Sandstrom, Fort Lauderdale, Fla., for defendants-appellants.

Robert E. Hauberg, U. S. Atty., James B. Tucker, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before BROWN, GEWIN and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

After her failure to secure a reversal of her conviction, Carol Amend was ordered to

surrender to begin service of her sentence. The surrender date arrived; Amend did not. Allegheny Mutual Casualty Company (Allegheny) appeals an order of forfeiture of a bond for $50,000 which it had issued assuring Amend's appearance. We affirm the judgment of forfeiture.

Carol Amend was indicted on two counts of violating the federal Controlled Substance Act. Bond was set at $50,000. Allegheny issued its surety bond in that amount and Amend was released pending trial. After transfer to the Southern District of Mississippi, the case was tried to a jury. Amend was convicted, and on November 10, 1977, she was sentenced to two concurrent three year prison terms and to two concurrent two year special parole terms. She appealed and sought continuation of bail. She was allowed bail pending appeal and permitted to continue on the same bond. Allegheny was not notified of her release on the same bond pending appeal.

This court affirmed the convictions, *United States v. Amend*, 577 F.2d 145 (5th Cir. 1978), *cert. denied, Amend v. United States*, 439 U.S. 985, 99 S.Ct. 578, 58 L.Ed.2d 657 (1978). Pursuant to our mandate, the district court ordered Amend to surrender on January 8, 1979, to begin serving the sentence. Copies of the surrender order were mailed to Amend, her Florida attorneys of record, her Mississippi attorneys of record and to Allegheny. She did not appear in response to the surrender order. Following appropriate procedures, the district court issued an alias warrant and entered an initial bond forfeiture which was subsequently confirmed and made final.

On appeal, Allegheny argues that it issued an appearance bond extending to the time of sentencing but not continuing through the post-sentence appeal period. Allegheny contends that our decision in *United States v. Dinneen*, 577 F.2d 919 (5th Cir. 1978) is dispositive of the issue. Although *Dinneen* is pertinent and very helpful, it is not controlling.

At issue is whether the surety bond[1] was intended to assure Amend's presence during the appeal process. In answering this question, we are cognizant of the rule that "the terms of a bail contract are to be construed strictly in favor of the surety, who may not be held liable for any greater undertaking than he has agreed to . . . However, like any other contract a bail bond should be construed to give effect to the reasonable intentions of the parties." *United States v. Miller*, 539 F.2d 445, 447 (5th Cir. 1976); *Dinneen, supra*. Compliance with the rule requires that we carefully review the express language of the bond before us. It provides that:

> The defendant is . . . to obey and perform the further conditions of bond attached hereto and made a part hereof.

The "conditions of bond" referred to in the body of the main text of the surety contract, provide in relevant part:

> I, Carol Amend, understand that . .
>
>     *     *     *     *     *     *
>
> 3. I am required to appear before the United States Magistrate and/or the United States District Court in accordance with all notices;
>
> 4. . . . if my failure to appear is . . . while awaiting sentence or pending appeal or certiorari after conviction, the penalty is a fine . . or imprisonment . . .
>
> 5. A violation of any condition of my bond may result in forfeiture of bail by the United States District Court . . .

Both Amend and Allegheny's representative signed the bond and conditions of bond attachment.

Do these provisions of the bond, when read in context with the entire contract, reflect an agreement of Allegheny to assure Amend's post conviction appearance both during and after conclusion of her appeal? We hold that they do.

---

1. We reproduce the bond in the Appendix.

Allegheny's reliance on *Dinneen* is misplaced. The language in the *Dinneen* bond, which is set forth in full in that opinion, and the language of the instant bond are markedly similar. However, there are crucial differences. The first distinction is the following language which appears in the Amend bond at the end of the paragraph beginning with the words, "The conditions of this bond are":

and to obey and perform the further conditions of bond attached hereto and made a part hereof.

The second significant distinguishing feature is the separate sheet entitled "Conditions of Bond" which is attached to the bond. It is this attachment which refers to appeals, appearances post appeal, and explicitly indicates that any violation of any condition may result in forfeiture of the bail.

It is entirely too facile to suggest that the language quoted above, taken from the Conditions of Bail attachment and relating to appeals, is simply a warning to Amend that if she fails to appear she may commit a criminal offense. The purpose of this contract is to secure the release of Amend and to assure her timely appearance when ordered; it sets out the obligations and responsibilities of the parties. The language concerning appeals and appearances post appeal must be understood in that light and not taken as an esoteric discussion on the criminal law of bond jumping.

We conclude from the language of this surety contract that it was the intention of Allegheny to issue a bond for $50,000 assuring the appearance of Carol Amend in response to any valid order of the District Court. When Amend failed to surrender as ordered by the court, the conditions of this bail bond were breached and forfeiture was in order.

The judgment of the district court is AFFIRMED.

## APPENDIX

### UNITED STATES DISTRICT COURT

#### for the

### SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

*Carol Amend*

APPEARANCE BOND FOR

We, the undersigned, jointly and severally acknowledge that we and our personal representatives are bound to pay to the United States of America the sum of *Fifty Thousand* dollars ($*50,000 and surety*

The conditions of this bond are that the defendant *Carol Amend* is to appear before *US District Court, South...* United States Magistrate for the Southern District of Florida, at Miami, Florida, and in the United States District Court for the Southern District of Florida at Miami, Florida, and at such other places as the defendant may be required to appear, in the above styled matter as may be ordered by the magistrate or by the United States District Court for the Southern District of Florida or any other United States District Court to which the defendant may be removed or the cause transferred; that the defendant is not to depart the Southern District of Florida, or the jurisdiction of any other United States District Court to which the defendant may be removed or the cause transferred after he has appeared in such other district pursuant to the terms of this bond, except in accordance with such orders or warrants as may be issued by the magistrate or the United States District Court for the Southern District of Florida or the United States District Court for such other district; that the defendant is to abide any judgment entered in such matter by surrendering himself to serve any sentence imposed and obeying any order or direction in connection with such judgment as the court imposing it may prescribe, and to obey and perform the further conditions of bond attached hereto and made a part hereof;

If the defendant appears as ordered and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and by other laws of the United States.

It is agreed and understood that this is a continuing bond which shall continue in full force and effect until such time as the undersigned are duly exonerated.

This bond is signed on this _30_ day of _MAR_, 19_77_, at Miami, Florida.

(Print Address)

SURETY _Allegheny Mutual Cas + Co._, DEFENDANT _Carol Amend_

BY _Roosevelt Collins_, as agent Address _5015 N. Kendall Dr._

Address _1674 NW 17th_ _Miami 33157 FLA._

Phone _325 5288_ Phone _____

Signed and acknowledged before me this _3_ day of _mar_, 19_77_

_____ Witness

Approved: _____, U.S. Magistrate

C O N D I T I O N S   O F   B O N D

CASE NO. _71-1087-M_

I, _Carol Amend_, understand that

1. I may not, at any time for any reason whatsoever, leave the Southern District of Florida without first obtaining written permission of the United States District Court, at Miami, Florida;

2. I may not change my present address in this District without first advising in writing the Clerk of the Court, the United States Attorney and the United States Magistrate before whom the foregoing bond was executed;

3. I am required to appear before the United States Magistrate and/or the United States District Court in accordance with all notices;

4. If I fail to appear before the United States Magistrate or the United States District Court when ordered, an additional criminal case separate and apart from the offense presently charged could be lodged against me; that if my failure to appear is in connection with a charge of felony, or while awaiting sentence or pending appeal or certiorari after conviction, the penalty is a fine of not more than $5,000.00 or imprisonment of not more than five years, or both; that if I fail to appear after being released on a misdemeanor charge, the penalty is a fine of not more than the maximum provided for the misdemeanor or imprisonment for not more than one year, or both;

5. A violation of any conditions of my bond may result in forfeiture of bail by the United States District Court, and cause a Bench Warrant for my arrest to be issued.

I acknowledge that I have read the above or that the above has been read to me, and that I fully understand the conditions of my bond and the possible penalties for violation of any of those conditions; and I further acknowledge that I have been given a copy of this instrument, and that I have been furnished the following information;

1.  The Southern District consists of the following Florida Counties: Monroe, Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Glades, Okeechobee, Highlands, Hendry and Collier.

2.  Addresses and telephone numbers for communicating with the United States District Court, Southern District of Florida at Miami, Florida, are:
    U.S. Magistrate, P.O. Box 012919, Miami, Florida 33101   305-350-4301
    U.S. Attorney, 300 Ainsley Bldg., Miami, Florida 33132   305-350-4471
    U.S. Marshal, P.O. Box 010391, Miami, Florida 33101   305-350-5346
    Clerk of Court, P.O. Box 010669, Miami, Florida 33101   305-350-5214
    Federal Public Defender, 505 Ainsley Bldg., Miami, Florida   305-350-4391

3.  The principal offices of the United States District Court are located at:
    U.S. POST OFFICE & COURTHOUSE
    300 N.E. First Avenue
    Miami, Florida 33101

Dated at Miami, Florida, this 30 day of _____Mar_____, 1977

_____      _____
Witness                        Defendant

SPECIAL CONDITIONS_____

_____

_____

POWER ATTORNEY
**ALLEGHENY MUTUAL CASUALTY COMPANY**   Power No. **XF--** **0042**
Bond Department
24 Commerce Street, Newark, New Jersey 07102
KNOW ALL MEN BY THESE PRESENTS, that ALLEGHENY MUTUAL CASUALTY COMPANY, a corporation duly organized and existing under the laws of the State of Pennsylvania has constituted and appointed, and does hereby constitute and appoint,

Its true and lawful attorney-in-fact, with full power and authority to sign the company's name and affix its corporate seal to, and deliver on its behalf as surety, any and all obligations as herein provided, and the execution of such obligations in pursuance of these presents shall be as binding upon the company as fully and to all intents and purposes as if done by the regularly elected officers of said company at its home office in their own proper person; and the said company hereby ratifies and confirms all and whatsoever its said attorney-in-fact may lawfully do and perform in the premises by virtue of these presents

THIS POWER OF ATTORNEY IS VOID IF ALTERED OR ERASED, THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF FIFTY-ONE THOUSAND DOLLARS ($51,000.00) **AND MAY BE EXECUTED FOR RECOGNIZANCE ON BAIL BONDS ONLY.**

THIS POWER OF ATTORNEY NULL AND
VOID UNLESS USED BEFORE 6/30/77

Amount of Bond _50,000⁰⁰_
Defendant (Name) _Carol Amend_
Defendant Address _5014 N. Kendall_
City and State _Miami Fla_
Court _US Dist Ct._ Br _Southern Dist_
Offense _____
Date of Execution _3-30-77_
Attorney-in-fact _____
Signature

IN WITNESS WHEREOF, ALLEGHENY MUTUAL CASUALTY COMPANY, by virtue of authority conferred by its Board of Directors, has caused these presents to be sealed with its corporate seal, signed by its President and attested by its Secretary, this 1st day of April, 1976.

J. Floyd Smith
President
Warren E. Smith, Jr.
Secretary

1. A separate Power of Attorney must be attached to each bond executed.
2. Powers of Attorney must not be returned to attorney-in-fact, but should remain a permanent part of court records.

(seal: ALLEGHENY MUTUAL CASUALTY 1936 PENNSYLVANIA)

JOHN R. BROWN, Circuit Judge, concurring:

I concur fully and unequivocally in the opinion of the Court. I write simply to alert the bench and bar that the problem posed by . . . *United States v. Dinneen*, 577 F.2d 919 (5th Cir. 1978), is now a matter solely of history. Subsequent to *Dinneen*, the Administrative Office of the United States Courts altered the form for a bond contract to provide explicitly for coverage of appeals. Form 17 has been amended to state:

> It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue in full force and effect until such time as the undersigned are duly exonerated.

The underscored language was added to clarify specifically the continuing nature of the bond throughout the process of review. Now and forever after we are released from the bonds of *Dinneen* and may proceed more surely in our review of the continuance of the surety bond through the bonded's appeal.