**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Thomas Michael POWELL,**
**Defendant-Appellee.**

No. 80–1796
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Unit A

March 9, 1981.

Jamie C. Boyd, U. S. Atty., LeRoy M. Jahn, Henry Valdespino, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellant.

Thomas P. Earls, Dallas, Tex., Sam C. Bashara, San Antonio, Tex., for defendant-appellee.

Before POLITZ, TATE and SAM D. JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

The government seeks payment of a fine out of funds deposited in the registry of the court for an appearance bond. The district judge, relying on *United States v. Jones,* 607 F.2d 687 (5th Cir. 1979), denied the Motion For Fine Payment From Registry Deposit, 492 F.Supp. 1030. We affirm.

Thomas Michael Powell was arrested pursuant to a magistrate's complaint on charges involving marijuana. He was released on an appearance bond which required that he deposit $5,000 in cash with the clerk of court. He was indicted, later pled guilty to a superseding information and was sentenced to confinement for two years and a fine of $2,500. Powell satisfied all conditions of his appearance bond. The

government moved for an order directing the clerk of court to pay over $2,500 of the bail deposit to the Treasurer of the United States in satisfaction of the fine. Powell moved for a return of the cash bail. The district court denied the government's motion and granted Powell's motion.

The magistrate admitted Powell to bail pursuant to 18 U.S.C. § 3146 which prescribes the conditions and methods of release, including the requirement that an appearance bond be signed and a deposit of cash or other security be made. Section 3146(a)(3) specifically provides that the "deposit [is] to be returned upon the performance of the conditions of release."

It is not questioned that Powell fully complied with all conditions of his appearance bond. Fed.R.Crim.P. 46(f) prescribes: "When the condition of the bond has been satisfied ... the court shall exonerate the obligors and release any bail." Accordingly, under the mandatory language of the rule the court is to release the bail unless there is some countervailing provision.

The code addresses the question of collections of fines in criminal cases in 18 U.S.C. § 3565, which provides in pertinent part:

In all criminal cases in which judgment or sentence is rendered, imposing the payment of a fine or penalty ... such judgment, so far as the fine or penalty is concerned, may be enforced by execution against the property of the defendant in like manner as judgments in civil cases.

The manner of enforcement of money judgments in civil cases is detailed in Fed.R. Civ.P. 69(a), which provides in part:

Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable ....

The government contends that the language of Rule 69(a) "unless the court directs otherwise" is broad enough to encompass its motion and thus allow the abbreviated fine-collection procedure inherent in the motion. The district judge disagreed. We likewise reject the contention.

The court *a qua* considered our opinion in *Jones, supra*, dispositive of the government's argument. In *Jones* the district judge granted the government's motion that cash bail funds be used as partial payment of the fine. We reversed. The purpose of bail is to secure the presence of the defendant, *Smith v. United States*, 357 F.2d 486 (5th Cir. 1966); its object is not to enrich the government or punish the defendant, *United States v. Parr*, 594 F.2d 440 (5th Cir. 1979). Like any other contract, a bail bond should be construed to give effect to the reasonable intentions of the parties, *United States v. Miller*, 539 F.2d 445 (5th Cir. 1976), with the understanding that the construction should be in favor of the surety who may not be held liable for a greater undertaking than that agreed to, *United States v. Amend*, 622 F.2d 782 (5th Cir. 1980).

The *Jones* case involved funds belonging to one other than the defendant. The government insists that this distinguishes *Jones* from the case at bar. Both the language and rationale of *Jones* militate otherwise. We observed:

The Court does not have before it a case in which the bail money was the property of the defendant. Even if it were, no case has been cited by the Government to justify the direct application of that money to the fine, by court order, without pursuing whatever remedies might be available to the Government as a creditor.

607 F.2d at 688. In *Jones* we rejected the government's argument that the fine should be paid out of bail money because the United States, as a creditor, has the same right as other creditors to apply a debtor's money in its possession to extinguish debts due. We did not believe that

the United States was such a creditor in *Jones*; we do not believe the United States is such a creditor in the case now before us. As we stated in *Jones*:

The United States as creditor is not in possession of the debtor's money. The clerk of court holds the cash bail under the terms of a specific agreement. In this case, the court had nothing before it except a motion of the Government stating that the cash bond was "no longer necessary" and requesting, without allegation of any fact, that the clerk be ordered to pay the money over to the Treasurer of the United States.

607 F.2d at 688. The situation in the case *sub judice* is identical.

We conclude that the government is required to proceed in a manner consistent with 18 U.S.C. § 3565 and Fed.R.Civ.P. 69, which in turn direct the application of Texas law. That law, as explicated by the district judge, is as follows:

The judgment of the court, therefore, is to be enforced in proceedings in the same manner as any judgment would be enforced within the state of Texas at the time this remedy was sought. These procedures are specifically set forth in Rules 621 through 656 of the Texas Rules of Civil Procedure. The writ of execution is to be issued after the expiration of thirty days from the rendition of a final and valid judgment, or after the overruling of a motion for a new trial. Upon issuance of the writ, there must be a levy, followed by a sale under the levy.

Texas law recognizes that property in custodia legis (funds held in accordance with the law or subject to the control of the court, as are the funds in the present case) is not subject to levy and sale under execution. *First Southern Properties, Inc. v. Vallone*, 533 S.W.2d 339, 341 (Tex. 1976); *Texas Trunk Ry. Co. v. Lewis*, 81 Tex. 1, 16 S.W. 647 (Tex.1891). However, the Texas courts also hold that when the reason for the rule fails, the rule fails. When the court enters a decree of distribution, or where nothing more remains for the custodian to do but make delivery

of the property or payment of the money, the reason for the doctrine of in custodia legis is satisfied, and the property becomes subject to levy under Texas law. *Hardy v. Construction Systems, Inc.*, 556 S.W.2d 843 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd, n. r. e.); *Challenge Co. v. Sartin*, 260 S.W. 313 (Tex.Civ.App. —Dallas 1924, no writ). It appears, therefore, that there must be a writ of execution.

The comments and observations of a district judge on the law in his state are entitled to great weight on review. *Avery v. Maremont Corp.*, 628 F.2d 441 (5th Cir. 1980), and cases cited therein.

The decision of the district court is AFFIRMED.