UNITED STATES of America, Appellee,

v.

Charles WICKENHAUSER, Appellant.

Nos. 83–1205, 83–1354.

United States Court of Appeals,
Eighth Circuit.

Submitted June 24, 1983.

Decided June 30, 1983.

Thomas E. Dittmeier, U.S. Atty., Timothy J. Wilson, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Charles Wickenhauser appeals from the district court's denial of his motions to revoke probation and impose sentence on him immediately and to release his bail money on deposit in the registry of the district court. For the reasons discussed below, we affirm in part, reverse in part, and order the return of the bail deposit to appellant or his assignee.

Appellant Charles Wickenhauser pleaded guilty to both counts of a two-count indictment charging him with making an illegal

loan to himself from union funds while he was a union officer (Count I), 29 U.S.C. § 503(c), and forming a corporation to provide temporary laborers to certain businesses while a union officer (Count II), 29 U.S.C. § 186(b). On August 20, 1982, the district court sentenced appellant to one year's imprisonment and fined him $5,000 on Count I. The court suspended imposition of sentence on Count II and imposed a period of five years' probation to commence upon completion of the one-year prison term. Appellant signed a statement agreeing to abide by the conditions of probation set by the court. Appellant subsequently filed timely motions to reduce or modify his sentence pursuant to Fed.R.Crim.P. 35. The district court summarily denied these motions.

Appellant began serving his prison sentence in September 1982. On January 20, 1983, appellant filed a "Motion for Imposition of Sentence" asking the district court to sentence him immediately on Count II because he would not comply with the conditions of his probation upon release from prison. The maximum term of imprisonment the district court could impose on Count II was one year. 29 U.S.C. § 186(d). The district court denied this motion without discussion on January 25, 1983, and appellant appealed.

In the meantime, appellant sought to assign to his mother $500.00 he had deposited in the court registry as a bail deposit. Appellant's mother had forwarded the funds to appellant for the bail deposit. On January 10, 1983, the district court wrote a letter to appellant's mother stating that it would not release the bail deposit because appellant had not satisfied the $5,000 fine imposed on Count I. On February 27, 1983, appellant moved the district court to reconsider its decision not to release the bail money. Appellant argued that because his mother posted the bail for him, the court could not use that money to satisfy any fines against him. *See United States v. Jones,* 607 F.2d 687 (5th Cir.1979). The court denied this motion without discussion on March 4, 1983. Appellant then appealed

from this decision and the two appeals were consolidated.

It is well settled that "[p]robation and the conditions upon which it is granted as well as its revocation are within the discretion of the trial court and are reviewable only upon a showing of abuse of discretion." *United States v. Rifen,* 634 F.2d 1142, 1144 (8th Cir.1980). While probation may be revoked before the term of probation has commenced based upon new information or a change of circumstances, *see United States v. Jurgens,* 626 F.2d 142, 144 & n. 1 (9th Cir.1981); *United States v. Tucker,* 524 F.2d 77, 78 (5th Cir.1975), *cert. denied,* 424 U.S. 966, 96 S.Ct. 1462, 47 L.Ed.2d 733 (1976), the sentencing judge nevertheless has the discretion not to revoke probation. Furthermore, the district court may provide for a probationary period of up to five years even though the maximum sentence for the particular crime is much less. 18 U.S.C. § 3651. *See Driver v. United States,* 232 F.2d 418, 421–22 (4th Cir.1956); *Mitchem v. United States,* 193 F.2d 55, 57 (5th Cir.1951). We find no abuse of discretion where, as here, the challenged sentence was well within the limits prescribed by statute. *See Heath v. United States,* 375 F.2d 521, 523 (8th Cir.1967); *see also United States ex rel. Grossberg v. Mulligan,* 48 F.2d 93, 94 (2d Cir.1931) (defendant waived any right to demand immediate imposition of sentence by expressly consenting to probation and suspension of sentence). Therefore, we affirm the district court's denial of appellant's motion to impose sentence.

The district court also refused to release appellant's $500 bail deposit because he had not satisfied a $5,000 fine. Fed.R. Crim.P. 46(f) (emphasis added) provides that "[w]hen the condition of the bond has been satisfied ..., the court *shall* ... release any bail." *See* 18 U.S.C. § 3146(a)(3) (bail deposit in the registry of the court "to be returned upon the performance of the conditions of release"). There is no question in this case that appellant complied with all the conditions of his appearance bond and is now entitled to the return of

his bail deposit.[1] Accordingly, we reverse the denial of appellant's motion for the release of his bail deposit and order the district court to return any bail to appellant or his assignee.

In conclusion, we affirm the district court's denial of appellant's motion for imposition of sentence, reverse the denial of appellant's motion for return of his bail deposit, and order the district court to return any bail to appellant or his assignee.

---

1. We note that the proper procedure for collecting fines in criminal cases is set out in 18 U.S.C. § 3565, which provides in pertinent part:

> In all criminal cases in which judgment or sentence is rendered, imposing the payment of a fine or penalty, . . . such judgment, so far as the fine or penalty is concerned, may be enforced by execution against the property of the defendant in like manner as judgments in civil cases.

Fed.R.Civ.P. 69(a) details the manner of enforcement of money judgments in civil cases. *See generally United States v. Powell,* 639 F.2d 224, 225–26 (5th Cir.1981).