283 N.J. Super. 323 (1995)
661 A.2d 1311
STATE OF NEW JERSEY, PLAINTIFF,
v.
JOHN R. GIORDANO, JR., DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued June 14, 1995.
Decided August 1, 1995.
*324 Before Judges SKILLMAN, WALLACE and KLEINER.
Donald M. Lomurro argued the cause for appellant Lomurro, Davison, Eastman & Munoz (Lomurro, Davison, Eastman & Munoz, attorneys; Mr. Lomurro and Joan E. Valenti, on the brief).
*325 Michael Chazen argued the cause for respondent Nancy Giordano (Chazen & Masia, attorneys; Howard I. Masia, on the brief).
No brief filed on behalf of defendant.
No brief filed on behalf of plaintiff.
The opinion of the court was delivered by WALLACE, J.A.D.
This appeal concerns the proper disposition of bail money following the sentence of the defendant.[1] As part of the sentence imposed, the trial court ordered that the bail money posted by a third party be applied towards the restitution that defendant was ordered to pay. We hold that bail posted by a third party for a defendant must be returned to the third party or applied in accordance with the assignment given by the third party.
The pertinent facts are brief. In August or September 1991, defendant was arrested and later extradited to New Jersey from Florida for wilful non-support charges in Monmouth County. The trial court set bail at $25,000. John Giordano Sr., defendant's father, lived in Florida. He withdrew $25,000 from his money market account and forwarded this amount to Kenneth F. Notaro, a family friend. Notaro, in turn, posted the bail money for defendant on September 9, 1991. The bail agreement with Notaro provided in part:
The Conditions of this Recognizance are that the Defendant shall personally be and appear at all stages of the proceedings and until the final determination of the cause and that the Defendant and Surety agree to immediately notify the Court of change of address and if the Defendant and Surety comply with these Conditions, then this Recognizance is to be void.
*326 Defendant was represented by Donald M. Lomurro, of Lomurro, Davison, Eastman & Munoz (firm). On September 16, 1991, Giordano Sr. co-signed a retainer with the firm.
On March 12, 1992, an attorney from the firm wrote to Nancy Giordano's attorney proposing a settlement in which defendant would pay Nancy a total of $55,000 in final settlement of a pending Family Part matter conditioned upon defendant being admitted to the Pre-trial Intervention Program in connection with the criminal matter. Giordano Sr. had agreed to provide $20,000 for the settlement, which he had obtained by acquiring a bank loan, and another $20,000 would have been paid from the bail, which would have accounted for $40,000 of the settlement proceeds. The letter also suggested that the parties work out a payment schedule for the remaining $15,000 and noted that defendant and his counsel were "presently arranging for an assignment of the bail to our trust account so that in the event Mr. Giordano, Jr., is released on his own recognizance, the funds may be released directly to our trust account so that we may pay your client."
Lomurro certified on March 3, 1995,[2] that in March 1992, his firm offered Nancy $20,000 "raised by family members" and placed in the firm's trust account, and $20,000 of the bail money which Lomurro would assign to her in order to resolve the criminal matter and to settle an action pending in the Family Part. Lomurro said that Nancy rejected the offer. At that time defendant's legal bills were less than $5,000, but subsequently defendant incurred additional legal bills in excess of $130,000.
Giordano Sr. certified on February 27, 1995, that the firm limited his financial obligation for defendant's legal fees to the $25,000 bail which he previously assigned to the firm. Giordano Sr. further certified that "Notaro also assigned the bail to Mr. Lomurro so that there was no confusion in the clerk's office ..." regarding ownership of the money as between Giordano Sr. and *327 Notaro.[3] Giordano Sr. further certified that he would not have guaranteed the payment of defendant's legal fees if he knew the court might apply the bail to restitution.
As part of defendant's sentence, the trial judge ordered that the $25,000 bail be paid to the Probation Department to be applied to the $153,664.38 defendant owed to Nancy. We granted a stay of this order pending appeal and expedited this appeal. The Supreme Court denied Nancy's motion to vacate the stay.
While the parties have cited no New Jersey case law addressing the application of bail posted by a third party, other jurisdictions have reached this issue. For example, in State v. Cetnarowski, 166 Wis.2d 700, 480 N.W.2d 790, 793-95 (Ct.App. 1992), the appellate court held that the trial court erred in applying bail posted by defendant's grandmother to satisfy defendant's restitution obligation when the only statutory authority for the reduction of the amount of refundable bail allowed for the deduction of costs and fines but not restitution and no case law allowed the use of bail as restitution.
In United States v. Wickenhauser, 710 F.2d 486, 487-88 (8th Cir.1983), the court concluded that Fed.R.Crim.P. 46(f), which provided that the court shall release the bail once the conditions of the bond are fulfilled or the forfeiture is set aside, prevented the district court from refusing to release defendant's $500 bail because he had not paid a $5,000 fine.
In J.J. Richard Farm Corp. v. State, 642 N.E.2d 1384, 1385 (Ind. Ct. App. 1994), the appellate court held that the trial court erred in ordering that the $50,000 cash bail posted by defendant's employer should be disbursed to defendant less his child support arrearage and future appellate costs. The court noted that under the law of bailment the bailor does not transfer ownership to the bailee, but rather the bailee acquires merely a possessory interest in the property during the bailment. Id. at 1386. Therefore, the *328 trial court should have ordered the release of the $50,000 to defendant's employer. Ibid.
In United States v. Brach, 809 F. Supp. 1128, 1129 (S.D.N.Y. 1993), the district court denied the government's application that bail posted by third parties be applied to satisfy restitution owed by defendant because the government failed to prove that the third parties consented to the use of the bail as restitution.
The case of United States v. Jones, 607 F.2d 687 (5th Cir.1979), is factually very similar to the case at hand. In Jones, Mrs. Roy Jones, wife of the defendant, posted a $10,000 cash bond for release of her husband pending trial. Ibid. Defendant pled guilty. Ibid. Several days before sentencing, Mrs. Jones made a written assignment of the cash bail to defendant's lawyer, who later applied for return of the bail money. Ibid. The government, after acknowledging that the purpose of defendant's bond had been served, moved to have the bail money applied to the outstanding fine of $15,000. Ibid. The trial court granted the motion. Ibid. The Fifth Circuit reversed and noted that bail is intended to secure the presence of the defendant in court. Id. at 688. The bail bond should be interpreted to effectuate the parties' reasonable intentions. Ibid. The court held that the $10,000 bail deposit should be returned to the depositor, Mrs. Roy Jones, or if the assignment is recognized, in accordance with the assignment. Id. at 689.
The cases cited by respondent in support of her position are distinguishable from the instant matter. In United States v. Cannistraro, 871 F.2d 1210, 1212-13 (3d Cir.1989), the court upheld the constitutionality of Local Rule 35C.1 of the District of New Jersey that allowed the government to place a lien on a defendant's bail if judgment resulted in the assessment of fines or costs. By its own terms, the rule did not apply "when someone other than defendant has deposited the cash," in which case the third party would be entitled to the refund. Id. at 1212.
In United States v. Higgins, 987 F.2d 543, 548 (8th Cir.1993), the court held that 28 U.S.C.A. § 2044 did not violate the excessive *329 bail clause of the Eighth Amendment. That statute provided that bail posted by or on behalf of defendant could be applied to the payment of any fine, assessment, restitution, or penalty imposed on defendant. Id. at 545. Unlike in Higgins, no such statute or rule exists in New Jersey.
In the present case we are satisfied that R. 3:26-7 and R. 3:26-4(f) control the ultimate disposition of the bail. Moreover, just like any other contract, the bail bond should be construed to effectuate the parties' reasonable intentions. United States v. Jones, supra, 607 F.2d at 688. Neither the bail agreement nor the laws of New Jersey authorize bail to be utilized to satisfy defendant's restitution obligation without the consent of the third party who posted the bail. Pursuant to R. 3:26-7 "[w]hen the condition of the recognizance has been satisfied ... the court shall exonerate the obligors and release any bail." In addition, "[w]hen a person other than the defendant deposits cash in lieu of bond, the person making the deposit shall file an affidavit concerning the lawful ownership thereof, and on discharge such cash may be returned to the owner named in the affidavit." R. 3:26-4(f).
There is no question but that the conditions of bail have been met here. Defendant appeared at all stages and was sentenced. The bail agreement conditioned the return of the bail solely upon defendant's appearance in court. Although defendant offered Nancy the bail money in addition to other funds as part of a settlement, she refused that offer. Except for the settlement which never materialized, there is nothing in the record to suggest that Giordano, Sr., prior to the assignment, or the firm, after the assignment, consented to the use of the bail for restitution. Therefore, the bail should have been released consistent with the terms of the recognizance or pursuant to the directions of the obligor. Notaro was the obligor and the bail money should have been transferred to him, absent an assignment. The record on appeal demonstrates that both Giordano Sr. and Notaro assigned the bail to the firm for payment of defendant's counsel fees. *330 Consequently, the trial court erred in ordering that the bail monies be applied to restitution.
Respondent urges that we should not consider the certifications submitted on appeal because the trial court did not have them to consider. However, even if we do not consider any of the certifications and exhibits that were not before the trial court, we find no basis to conclude that the bail money should be applied to restitution. At one point, Giordano Sr. made an assignment of his right to the return of the bail for the purpose of paying restitution to Nancy. However, that assignment was clearly conditioned upon Nancy agreeing to the terms of the proposed settlement which included, among other things, defendant's admission into PTI. As noted Nancy did not agree to the settlement offer. Therefore, the assignment for restitution lapsed.
Nevertheless, we recognize that the trial court did not consider the certifications and many of the exhibits that have been presented to us in this appeal. Generally, we do not consider certifications and exhibits that were not presented to the trial court. R. 2:5-4(a). In this case, the bail issue did not surface until the trial court ordered the application of the bail monies at sentencing. Defense counsel objected, noting that the bail money belonged to Giordano Sr. The trial court indicated that it understood the bail belonged to Giordano Sr. but still ordered the bail applied to restitution. As noted, based on the record before the trial court, that was error. However, because the record on this appeal consists partly of appellate affidavits prepared after entry of the order which is the subject of this appeal, and because we cannot be sure which documents the trial court had to consider at the time it ordered the bail applied to restitution, we remand for consideration of the appropriate disposition of the bail monies, consistent with this opinion.
Reverse and remand.
NOTES
[1] The appellant is not the defendant but rather the law firm that represented him at trial, Lomurro, Davison, Eastman & Munoz, which was assigned the bail money posted by the obligor. Nancy Giordano, who would receive the amount ordered for restitution, is the respondent. The State did not participate in this appeal.
[2] This certification was not presented to the trial judge.
[3] The Notaro assignment is not a part of the record on appeal.