## Commonwealth v. Kovalak

*Michael S. Oreski, Assistant District Attorney,* for Commonwealth.

*Kevin A. Koss* and *Francis C. Sichko,* for defendants.

*Eric J. Held,* for Clerk of Courts.

BELL, *J.,* March 10, 1981—William Kovalak, Sr. is the father of defendant in the case of Commonwealth of Pennsylvania v. Kovalak. He posted a ten percent cash bond ($4,000) with the clerk of courts on June 12, 1980 for the appearance of his son. Subsequent to sentencing, the clerk of courts withheld various sums, i.e., cost of prosecution, restitution, from the cash bond posted by Mr. Kovalak, Sr. He has petitioned that the sums withheld be returned to him.

Defendant Kenneth Lee Burgan is presently incarcerated in Washington County Jail.[1] His father

---

1. Since the hearing on this matter, Kenneth Burgan pled guilty and was sentenced to Washington County Jail for 11½-23 months.

720

would be willing to post a ten percent cash bond ($2,500) for his release, were it not for a consent form accompanying the bond that he would be obligated to sign.[2] He has therefore made a motion for compliance with Pa.R.Crim.P. 4015(b).

This opinion is written in response to these motions. Generally, the argument is that our local court, in enacting local rule L-4006, went beyond the authority permitted it by Pa.R.Crim.P. 4006(c).

Pa.R.Crim.P. 4006 provides for the six acceptable types of bail which would secure the release of a defendant, including the following:

"(c) [I]n such judicial districts as may so provide by local rule of court, or in all other judicial districts when the judge or issuing authority so orders, a sum of money not to exceed ten percent (10%) of the amount of bail set, to be deposited with the clerk of court."

Pa.R.Crim.P. 4015(b) further directs that:

"When a sum of money equal to a percentage of the full amount of the bail has been deposited, the issuing authority or clerk of court shall return the same to the depositor within twenty (20) days after full and final disposition of the case, less a reasonable charge relating to the costs of administering the percentage cash bail program."

Our own rule was intended to implement the percentage cash bail provision as provided by Pa.R.Crim.P. 4006(c). It allows for the admittance to bail of a defendant when he or any other person deposits with the issuing authority or clerk of courts an amount in lawful currency equal to ten percent

2. Consent form in compliance with local court rule L-4006 that permits fine, cost and restitution to be deducted from percentage cash bond deposit after defendant is found guilty.

of the total amount of the bond ordered. An additional condition was made part of the local rule that a consent had to be executed by defendant and any third party depositing the percentage bail in which they agree that the costs of prosecution, fine, restitution and a $10 service fee would be deducted from the amount deposited, should defendant be found guilty.

Bail is defined in Pa.R.Crim.P. 3(b) as "the security required and given for the release of a person in the custody of the law, conditioned upon a written undertaking that he will appear when required and do all other things stipulated therein."

When a person is admitted to bail, the permissible conditions[3] of the bail bond are that such person will appear at the times required of him until final disposition of the case; he will submit to all orders and process; he will give written notice of any change of address; he will comply with any specific requirement of release such as participation in a designated program; and that such person will obey any other reasonable conditions of the court, issuing authority or court bail agency. Nothing indicated that the bond may be conditioned upon a surety's agreeing to pay defendant's fine, cost of prosecution and restitution. On the contrary, the rules explicitly direct the full return of the bond upon the appearance of defendant less a small amount for administrative costs.

Bail is put up in exchange for defendant's release from custody and to secure his future appearance and performance of his requirements under the bond. See Com. v. McDonald, 476 Pa. 217, 382 A. 2d 124 (1978); Com. v. Truesdale, 449 Pa. 325, 296 A. 2d 829 (1972). We cannot justify a rule

---

3. Pa.R.Crim.P. 4013.

which in effect imposes defendant's sentence upon persons other than defendant.

A surety risks his money upon the probability of an event occurring. Incarcerated defendants might have relatives or third parties who believe that they will appear for trial. These third parties are able to gauge the risk involved before putting up bail, but they are in no position to gauge the merits of the case against defendant and make a gamble as to its outcome. As authority is not given by the Pennsylvania Rules of Criminal Procedure to force this type of risk upon a third party, we find that it is invalid and strike it from the remainder of local court Rule 4006. We do not say at this time that fines, restitution and costs of prosecution cannot be taken from bail put up by defendant himself, but only that it is invalid to force a third party to consent to these additional deductions.

## ORDER

And now, March 10, 1981, defendants', William Kovalak, Jr. and Kenneth Lee Burgan, petitions for return of cash bond are granted, and the moneys deposited as bail under the percentage rule of Washington County shall be returned in compliance with this opinion and order, less a service fee of $10 on cash bond for the use of Washington County.