## Commonwealth v. Toner

*Richard J. Toner*, pro se.
*Michael E. Ehling*, Assistant County Solicitor for the County.
*Janet P. Houser* and *Helen Kane*, Assistant District Attorneys for the Commonwealth.

WRIGHT, *J.*, September 16, 1982 — Defendant has appealed to the Superior Court our denial of his petition for return of costs paid by him when he accepted the Accelerated Rehabilitative Disposition Program. The amount in question is $135.20, representing costs of $67.85 imposed in case No. 3599 of 1978 and $67.85 imposed in case No. 4358 of 1978. Hence this opinion.

After his placement in the A.R.D. Program, defendant violated the terms of his probation and was removed by order of court dated December 17, 1979.

On March 24, 1980, the court discharged him after finding that the Commonwealth failed to comply with P.R.Crim.P. 1100.

On January 11, 1982, defendant filed the petition that is the subject of this appeal.

The Commonwealth at the hearing, agreed that it would return the costs but claimed that it had the right to assert a lien against said funds for costs owing by defendant in the other cases. Commonwealth v. Toner, Nos. 2505 and 2807 of 1979.*

The other issues raised by the defendant in his petition, that he is entitled to the return of restitution paid, is not before the court having been waived. Commonwealth v. Perry, 279 Pa. Super. 32, 420 A.2d 729 (1980). After learning that Richard J. Toner had taken an appeal to the Superior Court this court on August 11, 1982 entered an order pursuant to Rule of Appellate Procedure No. 1925 directing that Mr. Toner filed a "concise statement of

---

*Since the Commonwealth agreed to return the funds or give credit for them we treated it as an agreement by or stipulation of the parties. Had the court had to decide that issue we think that we would have ruled that Mr. Toner was not entitled to the return of the funds.

the matters complained of on the appeal". Mr. Toner did file "Issues to be Presented to Appeals Court". The document filed by Mr. Toner only refers to the failure of this court to order the County of Delaware to return costs to him. A copy of the document is attached hereto and marked Exhibit "A".

Thus the issue is one of set-off and counterclaim. Framed such, the comment contained following Pa.R.Crim.P. 1407 is appropriate. "Nothing in this Rule is intended to abridge any right the Commonwealth may have in a civil proceeding to collect a fine or costs".

When defendant entered the A.R.D. Program, the court as permitted by Pa.R.Crim.P. 182, imposed the condition that he pay costs. Pa.R.Crim.P. 184 provides what happens when Defendant violates the term and conditions of the A.R.D. Program but is silent on questions raised by this appeal.

Only the comment to Pa.R.Crim.P. 1407 above quoted is of any assistance to the court.

We now review the general law of costs.

Costs may not be assessed except as authorized by law. Commonwealth v. Houck, 233 Pa. Super. 512, 335 A.2d 389 (1975). "As in a lawsuit for any other unliquidated debt, the burden of justifying costs, by a preponderance of the evidence, is on the plaintiff, the Commonwealth herein." Commonwealth v. Coder, 490 Pa. 194, 201, 415 A.2d 406, 410 (1980).

As both Coder and the comment to Pa.R.Crim.P. 1407 suggest, the court should look to rules generally applicable to civil actions for the collection of unliquidated debt.

One such principle is the right of set-off. A set-off is a counterclaim arising from an independent transaction. Northwestern National Bank v. Com-

monwealth, 345 Pa. 192, 201, 27 A.2d 20, 25 (1942). Set-off is founded on equitable principles for purposes of preventing circuity of action. People's Bank v. McDowell National Bank, 307 Pa. 247, 161 A. 203 (1932). The principle of set-off is long established in Pennsylvania law. Light v. Leininger, 8 Pa. 403 (1848).

There are certain instances where the county does not have a right of set-off. One such instance occurs when a defendant posts bail but is not released because a detainer had been lodged. Thus, defendant is entitled to its return and the county cannot claim a set-off for costs not yet imposed. Commonwealth v. McDonald, 476 Pa. 217, 382 A.2d 124 (1978).

Likewise, the county cannot claim a set-off against the pay of one of its employees for a judgment it has obtained. Commonwealth v. Frank Saunders, 69 Del. 446 (1982), appeal pending Superior Court No. 618 Phila. 1982.

A review of equities involved makes clear that the principle of set-off should be applied to the facts of this case.

Defendant as part of the terms and conditions of the A.R.D. Program voluntarily paid the money to the county and did not as far as we know at any time prior to the filing of this Petition seek its return. The exercise of the right of set-off against funds that come into custody of the County by proper means will avoid circuity of action. Rights of third parties will not be adversely affected. There are no countervailing equities such as in McDonald, supra., or Saunders, supra.

For all of these reasons we entered our order denying the petition for the return of costs unless Mr. Toner is successful in his appeal in the other cases mentioned in this court's order.