FINAL REPORT[1]


*Proposed Amendments to Pa.Rs.Crim.P. 528 and 535*

USE OF BAIL MONEY FOR PAYMENT OF RESTITUTION, FEES, FINES, AND COSTS

_____

On December 8, 2014, effective February 9, 2015, upon the recommendation of the Criminal Procedural Rules Committee, the Court amended Rule 528 (Monetary Condition for Release of Bail) and Rule 535 (Receipt for Deposit; Return of Deposit) to provide (1) procedures for applying bail monies that would be returnable to the defendant after full and final disposition of the case to the defendant's outstanding restitution, court fees, fine, and costs in the current case and (2) notice to depositors to warn of the possibility of the loss of security deposited.

The Committee had examined procedures that would permit retention of a defendant's bail money that otherwise would be returnable to the defendant after full and final disposition of the case in order for it to be applied to the defendant's outstanding restitution, court fees, fine, and costs. The Rules of Criminal Procedure traditionally have precluded directly applying bail money in this manner, based on the concept that the purpose of bail is to ensure the presence of the defendant during the pendency of the case and not to obtain a "deposit" on future assessments. However, the Committee concluded that a change that would permit the retention of returnable bail money to satisfy a defendant's existing obligations to the court is a valid exercise of the rule-making authority. In addition, such a change is a potentially useful tool for the more efficient collection of owed moneys, including restitution, reducing collection costs for the court and even for the defendant who would otherwise face additional costs where the court is forced to seek collections processes.

_____

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

In reaching this conclusion, the first question that the Committee had considered was whether distribution of bail money in this manner fell within the purview of the Rules of Criminal Procedures. As part of this review, the Committee examined the current law in Pennsylvania on the return of bail, as well as the practice in other jurisdictions with regard to this question.

Under the common law, the purpose of bail was to ensure the appearance of the defendant and courts did not have the inherent power to apply bail money for another purpose. In terms of constitutional concerns, the Eight Amendment of U.S. Constitution prohibits excessive bail. A U.S. Supreme Court case, *Cohen v. United States,* 7 L.Ed. 518, 82 S.Ct. 526 (1962), held that conditioning bail on the payment of a fine is excessive and in violation of the Eighth Amendment.

Several decades after the *Cohen* decision, a federal statute, 28 U.S.C. §2044, was adopted that permitted the use of deposited bail money to be applied to a defendant's costs, fines, restitution and other assessments. Constitutional challenges to this provision have been rejected because, unlike the *Cohen* case, Section 2044 does not precondition bail on the payment of any fine but rather is a procedural mechanism by which the court, after the defendant has appeared and the purpose of bail has been served, may disburse deposited money to those with claims on the funds. *See United States v Higgins*, 987 F.2d 543 (1993).

The Committee's research revealed that, in many states, courts have allowed the application of bail to fines or costs. Numerous states also have adopted statutes authorizing this practice. *See, e.g.,* California Penal Code §1297, Florida Statutes Annotated §903.286, Illinois Complied Statutes §5/110-7(f), Minnesota Statutes Annotated §629.53, Nevada Revised Statutes §178.522, New York Criminal Procedure Law §420.10(1)(e), Tennessee Code §40-11-121, Wisconsin Statutes §969.03(4). In instances where specific statutory authority existed, courts have been inclined to allow the application of the bail to fines or costs. For example, in *State v. Iglesias*, 185 Wis. 2d 118, 517 N.W.2d 175 (1990), cert. den. 513 U.S. 1045 (1994), the Wisconsin Supreme Court found that bail is not excessive if it is used for a purpose which the

legislature has deemed to be a compelling state interest and the amount is not excessive relative to the interest sought to be furthered.

Rather uniquely, Pennsylvania's Bail Statute delegates all authority over bail to the Supreme Court through its rule-making authority. Section 5702 of the Judicial Code, 42 Pa.C.S. §5702, provides:

> Except as otherwise provided by this title and the laws relating to the regulation of surety companies, all matters relating to the fixing, posting, forfeiting, exoneration and distribution of bail and recognizances shall be governed by general rules.

While there are no Pennsylvania cases addressing the propriety of retaining returnable bail money for payment of fines, costs, or restitution, there have been a few cases that dealt with certain aspects of this issue, usually involving cases in which third parties were seeking the return of money they had posted on behalf of a defendant. For example, in *Commonwealth v. McDonald,* 476 Pa. 217, 382 A.2d 124 (1978), the Court held that the trial court erred in refusing to return the bail deposit after the defendant was taken into custody after allegedly committing a new offense, concluding that the bail was revoked when the defendant was placed in custody, and the trial court no longer had the authority to retain it. The Court specifically reserved judgment on the question of "whether and to what extent the Rules of Criminal Procedure allow bail deposits to be applied to the collection of fines imposed upon the defendant." FN. 5, 476 Pa. at 222, 382 A.2d. at 126.

Based on the foregoing analysis, the Committee initially developed a proposal, which was published for comment at 42 *Pa.B*. 6253 (October 6, 2012), that would have amended Rule 535 and revised the *Comment* to Rule 528 to permit the clerk of courts to automatically apply any bail monies that otherwise would be returnable to the defendant after full and final disposition of the case to any of the defendant's outstanding restitution, court fees, fines, costs, and bail judgments. The proposal would have been limited to only money that has been deposited by the defendant and would have permitted relief where its application would work a hardship on the defendant.

Following publication of this proposal, the Committee received further direction from the Supreme Court of Pennsylvania to narrow the scope of the proposal by

requiring the prosecution to make a motion for holding deposited funds for payment of outstanding restitution, fees, fines, and costs assessed in the case for which the deposit had originally been made. Additionally, the exemption for third party sureties and for cases in which the defendant would suffer an undue hardship were to be more explicitly stated and fuller notice be provided to the depositor of the potential loss of the deposit.

The amendments therefore now afford enhanced protection to third party depositors by requiring detailed notice that the bail authority must provide to depositors to warn them of the possibility of the loss of security deposited if they allow the defendant to be the named depositor. Rule 528 has been amended to move into the rule text the language currently in the *Comment* that describes the manner by which a depositor may be named and the consequences for a third party of allowing the defendant to be named depositor when the third party has supplied the bail money, including the possibility of the money being applied to assessments. This notice requirement is reiterated in Rule 535(B).

Additionally, a new paragraph (E) has been added to Rule 535 that establishes the procedures for retaining the bail money. A motion by the attorney for the Commonwealth is required before the bail money can be retained and can only be retained for the payment of assessments placed on the case for which the money had originally been deposited with the defendant being the named depositor. The paragraph also contains the exemption when the defendant shows that retention of the bail money would be a hardship.

Additionally, the current paragraph (A)(4) of Rule 535 that prohibits inquiring whether the defendant consents to applying deposited bail money towards fines, costs, etc. has been removed because the defendant's consent to having the bail money retained is no longer needed if the defendant was the named depositor and third party depositors are to be provided with more detailed notice of the potential consequences.

The *Comment* to Rule 535 has been revised to describe the rationale and basis for this change as well as cross-referencing the Court's Uniform Disbursement Schedule that details the manner in which the retained money would be dispersed. The

*Comment* also states that the new procedures would not apply to cases before a magisterial district judge unless the parties agree.

There was a concern raised by the Committee that some counties may be retaining bail presently, despite being contrary to the rules, so language has been added in the Rule 535 *Comment* that any local practice that varies from that in Rule 535 is inconsistent with the statewide rules.