J-A27011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN HART | : | |
| | : | |
| Appellant | : | No. 2577 EDA 2017 |

Appeal from the Order July 14, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013761-2012

BEFORE: BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.: **Filed: August 22, 2019**

John Hart appeals the July 14, 2017 order denying his motion to refund bail garnishment. We reverse and remand with directions.

On November 29, 2012, the Commonwealth charged Appellant with identity theft, unlawful use of a computer, disruption of service, possession of instrument of crime ("PIC"), stalking, and harassment. According to the affidavit of probable cause attached to the criminal complaint, the charges stem from a series of incidents that occurred between March 2011 and May 2011, after the victim spurned Appellant's romantic advances. Specifically, during that period, the victim alleged that Appellant engaged in a campaign of electronic-based harassment, consisting of voluminous serial telephone calls, the hacking several of her email and social media accounts, sending computer viruses to her home computer, and making unauthorized changes

to her cellular telephone, including altering the victim's telephone number on multiple occasions. In addition, the victim alleged that Appellant canceled her Bank of America credit card. Police traced the numerous illegitimate communications to payphones, retail business telephone lines, and a public Wi-Fi account located in eastern Pennsylvania and Delaware.

Appellant was arrested in Philadelphia, and the trial court set Appellant's bail at $50,000. Appellant posted the required ten percent deposit totaling $5000. Appellant filed an omnibus pretrial motion seeking, *inter alia*, to have the charges dismissed because some of the offenses did not occur in Philadelphia. The trial court denied the motion. On April 28, 2014, the trial court revoked Appellant's bail, and eventually refunded all but $1,500 of the bond, which the Philadelphia Office of Judicial Records retained pursuant to Pa.R.Crim.P. 535(D), as the fee to administer the cash bail program. The trial court subsequently granted Appellant's "Motion [o]n Jurisdictional Issue", and on July 5, 2016, the court granted the Commonwealth's motion to *nolle prosse* all six of the charges.[1]

---

[1] While it is not clear whether Appellant submitted a written motion or made an entreaty in open court, the motion is not listed on the criminal docket or included in the certified record on appeal. Similarly, the trial court's order granting relief is simply a hand-written notation near the relevant entry on a photocopy of docket. Hence, neither Appellant's jurisdictional issue nor the court's grounds for relief are apparent from the certified record.

Thereafter, on June 26, 2017, Appellant filed a motion to refund the remaining portion of the bond or to apply the garnished funds to the costs and fines owed on a related conviction. The trial court denied the motion summarily in open court. This timely appeal followed.[2] Appellant filed an unsolicited Rule 1925(b) statement of errors complained of on appeal raising seven issues and the trial court issued an opinion proffering three bases for denying relief: (1) the trial court lacked jurisdiction over the retained bail garnishment; (2) Appellant's refund request was untimely; and (3) Appellant's constitutional challenges were waived because they were not asserted prior to the appeal.

Appellant presents one question for our review:

Did the trial court . . . err in denying Appellant's motion to refund the bail garnishment when the [Court of] Common Pleas . . . ruled that the City of Philadelphia did not have jurisdiction to arrest Appellant which, by logical deduction, would mean that the [c]ity . . . never had authority to set bail for Appellant or retain any part of Appellant's bail.

Appellant's brief at 4.

We review the legal issue concerning the propriety of bail retention *de novo*. Pa.R.Crim.P. 528, concerning monetary conditions of bail, and Pa.R.Crim.P. 535(D) and (E), addressing the receipt, return, and retention of the bail deposit, authorize a county bail authority to set a reasonable fee to

---

[2] As four of Appellant's claims challenged the constitutionality of Philadelphia Local Criminal Rule 528(B), he filed notice of his constitutional challenges to the Attorney General pursuant to Pa.R.A.P. 521. Notwithstanding that effort, however, Appellant abandoned these issues on appeal.

cover the cost of administering the program. Specifically, the comment to Rule 528 provides "If a percentage of the cash bail is accepted pursuant to these rules, when the funds are returned at the conclusion of the defendant's bail period, the court or **bail agency may retain as a fee an amount reasonably related to the cost of administering the cash bail program**" (emphasis added); *see also*, *Commonwealth v. McDonald*, 382 A.2d 124 (Pa. 1978) (quoting predecessor to Rule 535, "Retaining a reasonable charge relating to the costs of administering the percentage cash bail program is an essential component of bail").

On the date that Appellant was arrested, Philadelphia County Criminal Rule *528 relied upon the foregoing rules of Pennsylvania Criminal Procedure to authorize the retention of thirty percent of the cash bail deposit posted to secure a defendant's release. Specifically, *528(B) provided, "With respect to deposited bail[,] . . . the court is empowered . . . to designate a minimum sum of money which shall be retained by the Court. This sum shall be considered earned at the time the bail undertaking is executed." Former Phila.Crim.R. *528. The corresponding comment to the local rule designated an automatic fee equal to the lesser of thirty percent of the deposit or $1,500.

Instantly, Appellant's brief challenges the merits of trial court's decision to deny his motion to refund the remaining portion of the bond. While Appellant levels several allegations of trial court error, for the following reasons, we do not address the merits of Appellant's arguments.

On October 10, 2018, while the appeal was pending before this Court, Philadelphia County President Judge Sheila Woods-Skipper entered an order that amended Phila.Crim.R. *528 to authorize "the return of the entire amount deposited, pursuant and subject to Pa.R.Crim.P. 535, provided that the Defendant has not violated the conditions of the bail bond which requires the Defendant to appear as required at all times for all court hearings and other events until full and final disposition of the case." *See* In re: Amendment Philadelphia Criminal Rule *528. Ten Percent (10%) Deposit of Bail, 10/11/18. While the amended rule still permitted the thirty percent retention, that amount would only be forfeited if the defendant failed to appear for all court hearings and events. *See* Phila.Crim.R. *528 Cmt. Subsection D.

As amended, Rule *528(D) now provides:

(D) Upon the full and final disposition of the criminal case in which bail has been deposited:

(1) the bail deposit shall be returned in full, as provided in Pa.R.Crim.P. 535, if the defendant has appeared as required at all times for all court hearings and other events as required by the bail bond; or

(2) the bail deposit, less the retention amount authorized pursuant to subsection (B), shall be returned if the defendant has not appeared as required at all times for all court hearings and other events as required by the bail bond.

Phila. Crim.R. *528(D). The Commonwealth takes no position on the appeal.

While the October 2018 amendments are not effective retroactive to the date that Appellant filed his motion to refund the remaining portion of the bond deposit, his appeal from the trial court order denying that motion was

pending before this Court at that time. Thus, in the interest of justice, and in light of the Commonwealth's indifference to this appeal, we extend to Appellant the benefit of the 2018 amendment, vacate the trial court order, and remand the matter for the court to determine whether Appellant appeared at all times for all court hearings and other events as required by the bail bond. If Appellant fully complied with the principal purpose of his bail, he is entitled to the return of the entire amount of his cash bail deposit. However, if the trial court finds that Appellant was not fully compliant, it shall retain the $1,500 consistent with amended Rule *528(D).

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Stabile joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/19