UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph ROSE, Defendant-Appellant.

Nos. 85–8531, 85–8673.

United States Court of Appeals,
Eleventh Circuit.

June 23, 1986.

Brinson Williams, Hinesville, Ga. (court-appointed), and Bruce Rogow, Ft. Lauderdale, Fla., for defendant-appellant.

William H. McAbee, II, Savannah, Ga., for plaintiff-appellee.

Before KRAVITCH and HATCHETT, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

There are here two appeals. The first is from the conviction of Rose on a three count indictment charging him with possession with intent to distribute conspiracy to possess with intent to distribute marijuana and of aiding and abetting. The other appeal is from a decision by the trial court that cash put up by Rose as an appearance bond and later assigned to his counsel could be subjected to seizure by the United States by garnishment after the bond had served its purpose.

*No. 85–8531—The Criminal Conviction*

■ Rose's appeal from his conviction is based on his contention that there was insufficient evidence to convict him. It was undisputed that he had formerly worked for co-defendant Pinnock who owned a trucking firm in South Florida and that Pinnock had bought a ticket for him to fly by air to Savannah, Georgia; that at Savannah he picked up a truck that was already there and, together with two co-defendants drove to a motel in Hardeeville, South Carolina where the three of them stayed for the night. The next day, Rose used this truck to follow Pinnock and Mrs. Godfrey, the co-defendant, to the residence of a Mr. Brown, the fourth co-defendant, in Springfield, Georgia. There had been delivered to the Brown residence earlier a cargo container, which had been shipped to him from Jamaica through the port of Savannah. Upon arrival in Savannah, this container had been inspected by Customs agents. These agents had discovered a false wall about four feet from the end of the container. After making a small hole in this wall agents had discovered marijuana behind it, and had installed an electronic beeper device to permit surveillance. The Customs agents therefore had followed the trailer to the Brown residence.

After the container had been delivered in Springfield, the container was opened and the driver of the trailer had assisted in unloading approximately 178 wicker baskets. The truck driven by Rose, backed up to the trailer and Rose was assisting transferring packages of marijuana from the trailer to the truck when he was arrested by the agents. There was no testimony

that the packages being transferred gave any indication, either by smell or appearance, that they contained marijuana.

After arrest, Rose cooperated with the agents and it was testified later at trial, that he had told Customs Agent Cook that when he started from Florida to go to Savannah, he understood that he was to be paid for assisting in the unloading or transferring of the marijuana for Pinnock.

The thrust of Rose's argument is that Cook's testimony that Rose had admitted to him that he knew that he was to be paid for assisting with the unloading of marijuana, was in conflict with Cook's testimony before the magistrate. If the jury believed Cook's testimony at trial, there could be no doubt that there was sufficient evidence from which a jury "could find that the evidence established guilt beyond a reasonable doubt." *United States v. Bell*, 678 F.2d 547 (5th Cir., Unit B, 1982) (en banc), *aff'd*, 462 U.S. 356, 103 S.Ct. 2393, 76 L.Ed.2d 638 (1983).

In the first place, we do not find that Cook's testimony was directly contradictory to what he testified to before the magistrate. Even, if it had been, the truth of his testimony before the jury, in light of the cross-examination, which disclosed what he had said previously before the magistrate created an issue of credibility for the jury to resolve. The jury resolved this conflict by its verdict of guilty.

We conclude that there was sufficient evidence for the trial court to submit the case to the jury for its determination. The judgment is AFFIRMED.

---

*No. 85–8673—The Bail Bond Money*

This is an appeal from an order of the trial court denying Rose's motion to exonerate bail, and requiring that the $24,000 pre-trial cash bond which Rose had posted be held in the registry of the United States

district court to satisfy a fine which had been imposed upon him after trial.

## THE FACTS

On May 3, 1985, Rose posted a $24,000 cash appearance bond with the clerk of the district court. The standard form language on the bond provided in part that:

> ... the defendant Joseph Rose ... is to appear before Chief Judge Anthony A. Alaimo, for the Southern District of Georgia, at Savannah, Georgia, and in the United States District Court for the Southern District of Georgia at Savannah, Georgia, and at such other places as the defendant may be required to appear....

An additional condition was inserted into the face of the bond which stated:

> ... the defendant Joseph Rose shall abide the final judgment and pay the fine imposed upon affirmance of the sentence of the appellate court.

On May 16, 1985, Rose assigned his right title and interest to the $24,000 cash appearance bond to his trial attorney, Jeffrey A. Miller. Miller thereafter entered the case and represented Rose at the trial. Up to the time the bond was posted, Rose had been represented by appointed counsel. Ultimately, Rose was tried, convicted and sentenced. On July 15, 1985, Rose surrendered to the United States marshal and has been in custody of the Federal Bureau of Prisons since that date. There is no dispute that Rose has satisfied all required appearance conditions of the bond.

On July 18, 1985, Rose moved to exonerate bail pursuant to Rule 46(f), Fed.R. Crim.P.[1]

The appellant contends that the provision of the bond that required that one of the conditions was the payment of the fine by Rose if affirmed on appeal was invalid as in violation of the Eighth Amendment provision respecting pre-trial bond[2] or, in the

---

**1.** Rule 46(f) provides as follows:
(f) Exoneration. When the condition of the bond has been satisfied ... the court shall exonerate the obligors and release any bail....

**2.** "Excessive bail shall not be required ..." Amendment VIII.

alternative, it was in violation of the federal statute regulating bail.[3]

The United States Court of Appeals for the Fifth Circuit, by whose opinions prior to 1981 we are bound[4] has held that: "The purpose of bail is to secure the presence of the defendant," *Smith v. United States,* 357 F.2d 486 (5th Cir.1966). In *United States v. Powell,* 639 F.2d 224, 225 (5th Cir.1981), it is stated: "The purpose of bail is to secure the presence of the defendant, *Smith v. United States,* 357 F.2d 486 (5th Cir.1966); its object is not to enrich the government or punish the defendant, *United States v. Parr,* 594 F.2d 440 (5th Cir. 1979)...." *See also, Cain v. United States,* 148 F.2d 182, 183 (9th Cir.1945), where the Court distinguished between an appearance bond and a supersedeas bond.

■ We have no doubt that the addition of any condition to an appearance bond to the effect that it shall be retained by the clerk to pay any fine that may subsequently be levied against the defendant after the criminal trial is over is for a purpose other than that for which bail is required to be given under the Eighth Amendment. Such provision is therefore "excessive" and is in violation of the Constitution.

■ It is equally true that the insertion of such a requirement in an appearance bond before trial is contrary to the provisions of the Bail Reform Act, *supra.*

The United States in its brief makes no effort to answer this argument by the appellant. It simply contends that the court's requirement that the bond be the defendant's own money is authorized by the statute. No one disputes that. The government argues only that it proceeded properly in running a garnishment against the funds of Rose in the hands of the clerk of the district court.

Also, the United States does not claim that Rose waived any violation of his constitutional or statutory rights by reason of the fact that his counsel at the time the bond was required did not object, but permitted his client to sign the bond in the form in which it was presented to him. In the absence of any contention by the United States that this amounted to a waiver of his rights, we, of course, do not reach this issue.

■ Thus, we have a situation where the $24,000 deposit was made in cash with the clerk's office; a few days thereafter, Rose assigned his entire right, title and interest to that sum to his counsel, Miller. Thereafter, Rose surrendered for trial and has at all times complied with all of the appearance requirements of the bond. After trial, conviction and sentence he moved to have the bond exonerated. This the trial court refused, because of the condition requiring Rose to pay the amount of the fine, which we have discussed above. The government blandly assumes that since such condition was part of the bond, it merely had the obligation to satisfy this Court that it proceeded properly in issuing an execution against the funds. The trouble with this position is that by the time the trial was over, Rose had no funds in the custody of the court. They had already been assigned to his lawyer. They could not be subject to further retention by the district court clerk relying upon the condition of the bond which we have held to be illegal. Rose was therefore entitled to have his bond exonerated.

In view of the fact that the United States does not challenge the legal validity of the assignment document, there is nothing left for this Court to do but to reverse the judgment of the trial court and remand it

---

**3.** Under the conditions existing here, the statute required that the judicial officer "... (c) Shall order the pre-trial release of the person ... (2) subject to the least restrictive further condition or combination of conditions, that he determines will *reasonably assure the appearance of the person* as required ... which may include the condition that the person ... (n) satisfy any other condition that is *reasonably necessary to*

*assure the appearance of the person as required* ...." 18 U.S.C. 3142. (Emphasis added.)

**4.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this Court adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

to the district court with instructions to exonerate the bond and honor the assignment given by Rose to Miller, his counsel.

The judgment is REVERSED. The case is REMANDED for further proceedings not inconsistent with this opinion.