**LISTON CANTOIS, JR., Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2014-0013

Supreme Court of the Virgin Islands

September 5, 2014

KELE C. ONYEJEKWE, ESQ., Appellate Public Defender, St. Thomas, USVI, *Attorney for Appellant.*

PAMELA R. TEPPER, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*

### OPINION OF THE COURT

(September 5, 2014)

PER CURIAM. This matter comes before the Court pursuant to a motion for summary reversal filed by Liston Cantois, Jr., which requests that we set aside a decision of the Superior Court conditioning exoneration of his appearance bond on his payment of court costs and fees. Also before this Court is a response filed by the People of the Virgin Islands, in which it is stated that it joins in Cantois's motion. For the reasons that follow, we grant the motion and reverse the portion of the underlying judgment and commitment that impermissibly conditions exoneration of bail on payment of costs and fees.

### I. BACKGROUND

The People charged Cantois with numerous offenses, including first-degree burglary, first-degree assault, third-degree assault, unauthorized possession of a firearm, two counts of contempt of court, and three counts of using a dangerous weapon during a crime of violence. That same day, the Superior Court set bail at $25,000, to be secured by posting $2,500 in cash. His mother, BeBe Anna Cantois-Carty, posted the requisite $2,500 as a surety.

Eventually, Cantois and the People negotiated a plea agreement, in which Cantois agreed to plead guilty to third-degree assault in exchange for dismissal of all other charges. The Superior Court held a change of plea hearing on November 27, 2013, and accepted the plea agreement after engaging in a colloquy with Cantois to assure the voluntariness of his guilty plea. On January 28, 2014, the Superior Court orally sentenced Cantois to one year of incarceration with all but 60 days suspended, with credit for 23 days already served. The Superior Court also announced that it would also impose a $500 fine, place Cantois on supervised probation for one year, and assess a $500 probation fee and $75 in court costs, which would be due within the first nine months of his probation.

258

The Superior Court memorialized its oral sentence in a February 11, 2014 judgment and commitment. However, the judgment and commitment contained a new requirement, not mentioned at either the November 27, 2013 change of plea hearing or the January 28, 2014 sentencing hearing, in that the Superior Court provided that the $2,500 cash portion of the bail posted by Cantois-Carty would not be exonerated until Cantois paid the fine, probation fee, and court costs that the Superior Court assessed as part of Cantois's sentence.

Cantois filed a timely notice of appeal with this Court on March 10, 2014. On August 26, 2014, Cantois moved for summary reversal of the portion of the February 11, 2014 judgment and commitment conditioning bail exoneration on payment of the fine, fee, and costs. The People, in a September 3, 2014 response, notified this Court that it agrees with Cantois that the Superior Court committed error in this regard and requested that we grant the motion.

## II. DISCUSSION

■ This Court possesses jurisdiction over this appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which vests us with jurisdiction over "all appeals arising from final judgments, final decrees, [and] final orders of the Superior Court." Although we ordinarily review sentencing decisions only for abuse of discretion, we exercise plenary review when the Superior Court bases its sentence on a legal precept. *Williams v. People*, 59 V.I. 1043, 1046 (V.I. 2013). And as we have previously explained,

> This Court may summarily affirm, reverse, vacate, or otherwise modify a Superior Court decision without full briefing and oral argument "if it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action," provided that the parties receive "an opportunity to submit argument in support of or in opposition to such disposition." V.I.S.Ct. I.O.P. 9.4. In other words, "[t]o invoke our discretion to grant summary relief, it is sufficient to demonstrate . . . that the basic facts are both uncomplicated and undisputed; and, that the trial court's ruling rests on a narrow and clear-cut issue of law." *Oliver T. Carr Mgmt., Inc. v. National Delicatessen, Inc.*, 397 A.2d 914, 915 (D.C. 1979). "[T]he granting of summary disposition is not an extraordinary rem-

edy"; rather, "it is an essential part of [a] court's system of case management that allows the court to manage its very large case load." *Watson v. United States*, 73 A.3d 130, 131-32 (D.C. Aug. 8, 2013).

*Mustafa v. Camacho*, 59 V.I. 566, 570 (V.I. 2013). Although both Cantois and the People agree that the standard for summary reversal has been met, "[i]t is well established . . . that parties may not explicitly or implicitly stipulate to the law," and thus we must independently determine whether the Superior Court committed error. *Bryan v. Fawkes*, 61 V.I. 201, 224 (V.I. 2014) (citing *Murrell v. People*, 54 V.I. 338, 348 (V.I. 2010)).

■ We agree that the Superior Court cannot make exoneration of bail contingent on a defendant's payment of fines, fees, or costs assessed as part of sentencing. "The purpose of bail . . . is to assure the defendant's attendance in court, and [it] cannot be a means of punishing the defendant, nor of protecting the public." *Tobal v. People*, 51 V.I. 147, 155 n.4 (V.I. 2009) (quoting *Vermont v. Pray*, 133 Vt. 537, 346 A.2d 227, 229-30 (1975)). "Any bail or conditions of release that are not tailored to achieve the purpose of bail are considered excessive and therefore unconstitutional." *Rieara v. People*, 57 V.I. 659, 667 (V.I. 2012) (citing 48 U.S.C. § 1561).

■■ Here, the criminal proceedings against Cantois terminated on February 11, 2014, when the Superior Court issued its written judgment and commitment, and thus there was no longer any need to assure his appearance at any future hearings. Therefore, the Superior Court's decision to condition the return of the $2,500 bail to Cantois-Carty upon Cantois's timely payment of $1,075 in fees, fines, and costs is wholly inconsistent with the purpose of bail and otherwise has no basis in the law, and thus must be set aside. *See United States v. Rose*, 791 F.2d 1477, 1480 (11th Cir. 1986) ("We have no doubt that the addition of any condition to an appearance bond to the effect that it shall be retained . . . to pay any fine that may subsequently be levied against the defendant after the criminal trial is over is for a purpose other than that for which bail is required to be given under the Eighth Amendment [and] is therefore . . . in violation of the Constitution."); *United States v. Wickenhauser*, 710 F.2d 486, 487-88 (8th Cir. 1983) ("The district court also refused to release appellant's $500 bail deposit because he had not satisfied a $5,000 fine. . . . There is no question in this case that appellant complied with all

the conditions of his appearance bond and is now entitled to the return of his bail deposit."); *United States v. Powell*, 639 F.2d 224, 225 (5th Cir. 1981) ("[N]o case has been cited by the Government to justify the direct application of that money to the fine, by court order, without pursuing whatever remedies might be available to the Government as a creditor."); *accord Gramercy Ins. Co. v. State*, 834 S.W.2d 379, 381-82 (Tex. App. 1992) ("[A] bail bond is not punitive, nor is it intended to be a substitute for a fine or a revenue device to enrich the government's coffers.") (collecting cases). Thus, we hold that the Superior Court may not, absent explicit consent, condition exoneration of bail on payment of court costs, fines, probation fees, restitution, or other monetary judgments imposed as part of a sentence, or apply bail monies to satisfy such a judgment.[1] Accordingly, we reverse the portion of the February 11, 2014 judgment and commitment conditioning exoneration of bail on payment of fines, fees, and costs, and direct the Superior Court, on remand, to order that the $2,500 that Cantois-Carty posted to secure Cantois's pre-trial release be refunded to her.

### III. CONCLUSION

For the foregoing reasons, we reverse the February 11, 2014 judgment and commitment in part, and remand the matter to the Superior Court for further proceedings consistent with this opinion.

---

[1] In their respective filings, both Cantois and the People note that the Superior Court's decision to condition exoneration of bail on payment of fees, fines, and costs was particularly egregious given that the $2,500 had been posted by a third party, rather than by the defendant. While we agree that withholding the return of a third party's money is especially troubling, we emphasize that it would be equally inappropriate to refuse to exonerate bail posted by the defendant personally without the defendant's consent.